United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40585
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CIPRIANO REYES-MANCIAS, also known as Guadalupe
Reyes-Mancias,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-942-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Cipriano Reyes-Mancias pleaded guilty to one count of
illegal reentry into the United States following deportation, and
the district court sentenced him to 46 months in prison and a
two-year term of supervised release. Reyes argues for the first
time on appeal that 8 U.S.C. § 1326(b) is unconstitutional on its
face and as applied in his case because it does not require the
fact of a prior felony or aggravated felony conviction to be
charged in the indictment and proved beyond a reasonable doubt.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Reyes concedes, this argument is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See

United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Reyes also argues that the Supreme Court's holding in

Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004),

should be applied to sentences determined under the federal

sentencing guidelines.  He concedes that this argument is

foreclosed by this court's recent opinion in United States v.

Pineiro, 377 F.3d 464, 465 (5th Cir. 2004), petition for cert.

filed (U.S. July 14, 2004) (No. 04-5263), but he raises it to

preserve it for possible further review.

AFFIRMED.